Nathaniel **ROBERTS**, et al., Plaintiff(s),

v.

**MAHONING COUNTY, etc.,** et al., Defendant(s).

No. 4:03 CV 2329.

United States District Court, N.D. Ohio, Eastern Division.

June 29, 2006.

Robert P. Armbruster, Armbruster, Kelley, Kot, Honeck & Baker, Thomas Kelley, Armbruster & Kelley, Akron, OH, for Plaintiffs.

Sharon K. Hackett, Linette M. Stratford, Paul J. Gains, Office of the Prosecuting Attorney, Youngstown, OH, Thomas Kelley, Armbruster & Kelley, Akron, OH, Thomas N. Michaels, Cleveland, OH, for Defendants.

Clifford West, Youngstown, OH, Pro Se.

BATCHELDER, DOWD and POLSTER, District Judges.

## *ORDER*

PER CURIAM.

A three-judge district court has been convened pursuant to 18 U.S.C. § 3626. Several matters are now before the Court and are addressed herein.

### *Doc. No. 195—Motion to Intervene*

On June 15, 2006, the City of Youngstown, Ohio ("the City") filed a motion to intervene in the proceedings before the three-judge court being convened to consider the issuance of a prisoner release order. (Doc. No. 195). At the Court's request, the parties have filed responses. The defendants' response is in the form of a motion to dismiss the motion to intervene or, in the alternative, for instructions to the City. (Doc. No. 198). The City has opposed this motion. (Doc. Nos. 199, 202). The plaintiffs also filed a response to the motion to intervene (Doc. No. 200), joining in the defendants' request to either deny the motion or issue instructions. The City filed a reply. (Doc. No. 201).

The gravamen of defendants' argument is that the City has not followed proper procedure for intervention since its motion does not include the proposed pleading of the intervenor. *See* Fed.R.Civ.P. 24(c). The City argues that it need not follow the procedure set forth in the Rule because it is attempting to intervene under 18 U.S.C. § 3626 for the limited purpose of participating in the remedial stage of these proceedings and, particularly, for an opportunity to weigh in on the question of whether

a prisoner release order should be entered by the Court.

Fed.R.Civ.P. 24 provides in relevant part as follows:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action:(1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> * * *
>
> (c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene....

Now that a three-judge district court has been convened, the City is attempting to intervene pursuant to 18 U.S.C. § 3626(a)(3)(F) which provides:

> Any State or local official including a legislator or unit of government whose jurisdiction or function includes the appropriation of funds for the construction, operation, or maintenance of prison facilities, or the prosecution or custody of persons who may be released from, or not admitted to, a prison as a result of a prisoner release order shall have standing to oppose the imposition or continuation in effect of such relief and to seek termination of such relief, and shall have the right to intervene in any proceeding relating to such relief.

By its express terms, Rule 24 requires the City to supply a pleading even though it is attempting to intervene under a federal statute, not under Rule 24 itself. Section 3626(a)(3)(F) merely establishes that the City, arguably, has standing to intervene. Rule 24 supplies the procedure by which any application to intervene is made.

The Court concludes that the City has not followed the appropriate procedure. Therefore, the motion to intervene (Doc. No. 195) is DENIED without prejudice to re-filing in compliance with Fed.R.Civ.P. 24. To the extent the defendants' response (Doc. No. 198) can be construed as a motion, it is DENIED as moot.

### Intervention Generally

The City of Youngstown moved to intervene and, presumably, will renew that motion which has now been denied for failure to follow the correct procedure. It may be that other entities, such as the cities of Struthers and/or Campbell as well as the County Courts, may also have an interest in intervening. Therefore, the Court directs that any and all motions to intervene must be filed by July 28, 2006 and must comply, at a minimum, with the following directives.

An intervenor becomes a party to the action and thereby opens itself to having a judgment rendered against it. Therefore, any entity seeking to intervene, in addition to complying with Rule 24, must also either supply the Court with evidence authorizing such intervention or show why such evidence is not required. For example, the original motion to intervene filed by the City of Youngstown contained no mention that City Council had endorsed the action by way of resolution or ordinance. The motion was signed and filed by only a deputy law director. This Court will require *any* intervening entity to prove that the attorney filing the application to intervene actually has requisite authority from the entity he or she represents.

The statute under which Youngstown sought to intervene gives standing to the City "to oppose the imposition or continuation in effect of such relief [a prisoner release order]." Any such order would be part of the *remedial* phase of these proceedings. However, the City's motion suggested that it would also attempt to challenge the original fact-findings of this Court regarding the constitutionality of the Mahoning County Jail operations, that is, that it would attempt to challenge the *liability* phase of the lawsuit.

Any entity seeking to intervene must make crystal clear in its motion to intervene what aspect of the case it seeks to challenge and why it believes it has standing to make such a challenge. Further, any entity seeking to intervene for purposes of challenging the liability phase of this lawsuit, must set forth its reason(s) for delaying its application to intervene. Ultimately, when deciding any motion to intervene, the Court will identify the permissible scope of such intervention.

### Status Conference

The three-judge court will conduct a status conference at 10:00 a.m. on Monday, August 14, 2006. The conference will take place in Courtroom 442 at 2 South Main Street, Akron, Ohio. It will be on the record. Counsel for all parties and for all intervenors will be required to attend.[1] The Special Master is encouraged to attend and, if any representatives from the defendants wish to attend, they are also encouraged to do so.

IT IS SO ORDERED.

---

1. The Court will resolve any pending motions to intervene prior to the status conference.